**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **SCOTT LANDRY** | § | **CIVIL ACTION NO:** |
| | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | |
| **GENERAL MOTORS, LLC** | § | |
| | § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

## COMPLAINT

I. Parties

1. Plaintiff, SCOTT LANDRY, has been at all times material hereto a resident and citizen of Louisiana.

2. Defendant, GENERAL MOTORS, LLC, hereinafter "GENERAL MOTORS," is a Delaware limited liability company with its principal place of business in Michigan and is a citizen of both the State of Delaware and the State of Michigan. GENERAL MOTORS and is a warrantor of a vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case. General Motors LLC is 100% owned by General Motors Holdings LLC. General Motors Holdings LLC is a citizen of both the State of Delaware and the State of Michigan. General Motors Holdings LLC is 100% owned by General Motors Company. General Motors Company is a publically traded company. No publicly held entity owns 10% or more of the stock of General Motors Company. General Motors Company was incorporated in Delaware with its principal place of business in Michigan and is a citizen of both the State of Delaware and the State of Michigan.

GENERAL MOTORS's agent for service of process is Corporation Service

Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

## II.   Jurisdiction

3.   This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III.   Venue

4.   Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## IV. Conditions Precedent

5.   All conditions precedents have been performed or have occurred.

## V.   Facts

### A. The Transaction

6.   On July 27, 2021, Plaintiff purchased a new 2021 CHEVROLET TAHOE bearing VIN: 1GNSCNKD9MR418756, hereinafter "SILVERADO," from ALL STAR CHEVROLET. The SILVERADO was purchased primarily for Plaintiff's personal use. The sales contract was presented to Plaintiff at the dealership and was executed at the dealership in the state of Louisiana.

7.   The sales price of the SILVERADO was $63,246.86.

8. Plaintiff is also entitled to an award for nonpecuniary damages under La. Civil Code Articles 1998 in the amount of $50,000.00. See ***Beasley v. Ed's MobileHomes, Inc.***, 01-1549 (La. Ct. App. 3 Cir. 4/17/02), 824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170.

### D.     Actionable Conduct

9. In fact, when delivered, the SILVERADO was defective in materials and workmanship, with such defects being discovered within the warranty periods.

**1. ENGINE DEFECTS;**

**2. ANY DEFECTS, NON-CONFORMITIES AND CONDITIONS LISTED IN ANY AND ALL REPAIR DOCUMENTS;**

**3. THE SILVERADO HAS BEEN OUT OF SERVICE SINCE NOVEMBER 2022 FOR DEFECTS.**

10. Since purchase, Plaintiff has returned her SILVERADO to the Defendant and its authorized dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant was given the opportunity to repair the SILVERADO, the Defendant has failed to repair the SILVERADO.

11. Plaintiff directly notified the Defendant of the defects, non-conformities and conditions in the SILVERADO on numerous occasions.

12. The SILVERADO is a "thing" under La. Civil Code Articles 2520, et seq.

13. GENERAL MOTORS is a "manufacturer" and "final assembler" under La. Civil Code Articles 2520, et seq.

14. ALL STAR CHEVROLET is a "seller" under La. Civil Code Articles 2520, et seq.

15. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

16. The defects described in the SILVERADO vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

17. Plaintiff has provided the Defendant sufficient notice and opportunity to repair his defective SILVERADO.

18. Plaintiff has performed each and every duty required of her under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

19. The hidden defects, non-conformities and conditions in the SILVERADO existed at the time of sale, but were not discovered until after delivery. Neither Plaintiff nor a reasonable prudent buyer would have purchased the SILVERADO had he or she known of the defects prior to the sale.

20. Furthermore, the Defendant has failed to repair the SILVERADO which constitutes a breach of the implied warranties of redhibition, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

21. Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the aggregate amount of attorney fees, costs and expenses, if Plaintiff prevails. As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection here within.

## VI. Prayer for Relief

22. For these reasons, Plaintiff prays for judgment against the Defendant for the following:

    a. For general, special and actual damages according to proof at trial;

    b. Rescinding the sale of the 2021 CHEVROLET TAHOE bearing VIN: 1GNSCNKD9MR418756 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c. For incidental, consequential and non-pecuniary damages according to proof at trial;

    d. Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

    e. Any diminution in value of the SILVERADO attributable to the defects;

    f. Past and future economic losses;

    g. Prejudgment and post-judgment interest;

    h. Attorney fees;

    i. Costs of suit, expert fees and litigation expenses; and

    j. All other relief this Honorable Court deems appropriate.

## VII. Demand for Jury Trial

23. Plaintiff hereby demands trial by jury to the extent authorized by law.

|   |   |
|---|---|
| 1 | RESPECTFULLY SUBMITTED: |
| 2 |   |
| 3 | BY: /s/ *Richard C. Dalton* |
| 4 | Richard C. Dalton<br>Texas Bar No. 24033539 |
| 5 | Louisiana Bar No. 23017<br>California Bar No. 268598 |
| 6 | P.O. Box 358<br>Carencro, Louisiana 70520-0358 |
| 7 | rick@rickdalton.law<br>(337) 371-0375 |
| 8 |   |
| 9 | ATTORNEY FOR PLAINTIFF |